# In the United States Court of Federal Claims

No. 15-78C
(Filed under seal February 24, 2015)
(Reissued February 27, 2015)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                 *
                                 *
                                 *
FEDERAL ACQUISITION              *
SERVICES TEAM, LLC,              *
                                 *
                                 *
         Plaintiff,              *
                                 *
     v.                          *
                                 *
THE UNITED STATES,               *
                                 *
         Defendant.              *
                                 *
* * * * * * * * * * * * * * * * *
```

## ORDER

   The plaintiff, Federal Acquisition Services Team, LLC (FAST), has brought a pre-award bid protest related to the U.S. Special Operations Command's (SOCOM or the agency) Solicitation No. H92222-14-R-0019 (the Solicitation) for acquisition, procurement, and financial management support services. Compl. ¶ 1. A little more than four and one-half hours before the deadline for submissions, FAST e-mailed its proposal to SWMS@socom.mil, the address designated in the Solicitation. *See* Admin. R. (AR) at 339, 620. The e-mail was rejected by SOCOM's server because it was found to exceed the size limit for messages. *See id*. at 626, 682. After its post-deadline efforts to convince the agency to accept its proposal proved fruitless, FAST filed a protest with the Government Accountability Office (GAO), which was denied. *Id.* at 610–40, 755–58. The plaintiff then filed its case in our court on January 27, 2015, alleging that the proposal was timely received by the agency's server and was improperly rejected although it complied with the size requirements stated in the Solicitation. Compl. ¶¶ 9–10, 13, 25–26, 31–32. Other offerors, FAST contends, had properly sized transmissions rejected, demonstrating a problem with the government's computer systems. *Id*. ¶¶ 33–34.

Yesterday, the Court heard argument on FAST's motion to supplement the administrative record. As the Federal Circuit emphasized in *Axiom Resource Management, Inc. v. United States*, 564 F.3d 1374 (Fed. Cir. 2009), in bid protests the administrative record is supplemented only in rare cases in which it is "necessary in order not 'to frustrate effective judicial review.'" *Id.* at 1381 (quoting *Camp v. Pitts*, 411 U.S. 138, 142–43 (1973)). Significantly, the administrative record may be insufficient and supplementation warranted when it is missing "relevant information that by its very nature would not be found in an agency record --- such as evidence of bad faith, information relied upon but omitted from the paper record, or the content of conversations." *Orion Int'l Techs. v. United States*, 60 Fed. Cl. 338, 343–44 (2004). As described below, the Court found limited supplementation to be warranted.

In its motion to supplement, FAST sought to add to the record materials it submitted, and requested leave to conduct discovery. *See* Mot. to Supp. Admin. R. (Pl.'s Mot.) at 7. Much of the plaintiff's supplementation request had been rendered moot, either because the administrative record already contained the material, *compare* AR at 610–40 (GAO protest and attachments), *with* Supp. to Pl.'s Mot., ECF No. 14 (SAR), at 1–31 (same), or because the material was included in the amendment to that record, *see* AR at 823–90. Remaining at issue were two categories of requests. The plaintiff would like added to the record documents concerning two SOCOM solicitations that are related to the one at issue in this matter, Solicitation Nos. H92222-14-R-0020 and H92222-14-R-0021 (the SWMS Group A and Group B Solicitations). Pl.'s Mot. at 10; SAR at 32–143. And FAST requests permission to conduct discovery, in the form of requests for admission, interrogatories, and the deposition of the contracting officer, Karen M. Stevens. Pl.'s Mot. at 7, 13–16.

Regarding the SWMS Group A and Group B Solicitations, the plaintiff has submitted early drafts of the documents. *See* SAR at 32–143. In these documents, as in the initial Solicitation for the SWMS Group C procurement that is the topic of this lawsuit, *see* AR at 47, offerors were instructed to mail their proposals to the contracting officer, *see* SAR at 79, 132. According to screen captures from the FedBizOpps.gov website, the final solicitations were issued on December 5, 2014 (Group A) and October 27, 2014 (Group B), and changed the means of submission to use of the aforementioned website. SAR at 145, 149–50. Offerors were also told that the agency "is not responsible for technical difficulties associated with the transmission of any electronic files to the website" and "encouraged to submit proposals" early enough that confirmation of successful uploading may occur prior to the deadline. *Id.* As the final solicitations and accompanying disclaimers were issued after FAST filed its GAO protest, it contends these materials are probative of

its claim that the agency's server malfunction prevented its proposal from being accepted. Pl.'s Mot. at 8–12.†

In its opposition to the motion to supplement, the government argues that "FedBizOpps had been tested and used successfully" by the time the other two solicitations were issued, and that this and other reasons (not problems with the mail server) were why the website was employed for proposal submissions. Def.'s Opp'n at 9. This information apparently was supplied by the contracting officer, but not submitted in evidentiary form.

The plaintiff also requests discovery directed at the contracting officer, which it argues is justified given alleged evidence of bad faith. Pl.'s Mot. at 7–8, 13–15. Among other things, FAST notes that before the GAO the contracting officer only acknowledged two offerors (other than the plaintiff) to have had proposal e-mails rejected due to size, when at least one other (Res Rei Development, Inc.) had that problem. *Id*. at 15. While it is not clear to the Court why, in the GAO proceeding, the agency apparently only looked for e-mail rejections occurring on the last day for submitting proposals, the Court is not persuaded that the contracting officer's statements are evidence of bad faith. Indeed, rather than being "conduct that is hard to explain absent bad faith," *Beta Analytics Int'l, Inc. v. United States*, 61 Fed. Cl. 223, 226 (2004), it is hard to see how bad faith would lead a contracting officer to discuss two offerors' problems but hide those of a third. The plaintiff infers from an e-mail exchange involving another bidder (V1 Analytical Solutions), contained in the amended administrative record, *see* AR at 888–89, that this bidder might have been allowed to use a means other than the SWMS e-mail address to submit its proposal. But such suspicions do not constitute the sort of "hard facts" needed to support discovery based on bias or bad faith. *See InfoReliance Corp. v. United States*, 118 Fed. Cl. 744, 748 (2014).

The Court, however, does conclude that this protest presents a question --- whether a systemic problem with the agency's server precluded properly sized submissions from being accepted --- that by its nature will involve evidence beyond what one would ordinarily find in an administrative record. The existing record, containing computer print-outs concerning server activity, bears this out. *See* AR at 671–85. Under these circumstances, effective court review requires a slight supplementation of the assembled record. As the use of the FedBizOpps website to receive proposals could, if it indeed was substituted for the SWMS e-mail address, be probative of the systemic problem alleged, the Court will add to the administrative record the Group A and Group B documents submitted by the plaintiff, SAR 32–157. And while the deposition of a contracting officer by oral examination "is not lightly to be ordered" because it can be time-consuming and

---

† The plaintiff also contends that the SWMS@socom.mil electronic delivery address was included at some point in the draft solicitations for Groups A and B. Pl.'s Mot. at 10.

disruptive of other duties, *see Impresa Construzione Geom. Domenico Garufi v. United States*, 238 F.3d 1324, 1341 (Fed. Cir. 2001), the Court finds a limited deposition of Ms. Stevens by written questions to be an appropriate means to fill gaps in the record and thereby enable effective judicial review.  In particular, the genesis of the submission method employed in the Group A and Group B Solicitations, and a clarification of the means of receiving the V1 Analytical Solutions proposal, should be elicited.  Accordingly, plaintiff's motion is **GRANTED-IN-PART** as described above, and **DENIED-IN-PART** to the extent a deposition by oral examination and other discovery was requested.

At the conclusion of yesterday's argument, the Court gave FAST leave to file a draft of written deposition questions for Ms. Stevens, for review and, if necessary, modification.  These were timely filed.  *See* Proposed Interrogs., ECF No. 21.  The Court has reviewed the five questions submitted.  The first one is approved, except that in place of the request in subpart "a", the contracting officer may identify the proposal by referring to the appendix to her December 3, 2014 declaration, AR at 726.  Questions two, three, and five are also approved.  The contracting officer need not answer question four.  The government shall serve and file the contracting officer's answers to these written deposition questions on or by **Wednesday, February 25, 2015**.

**IT IS SO ORDERED.**

s/ Victor J. Wolski<br>
**VICTOR J. WOLSKI**<br>
Judge