# In the United States Court of Federal Claims

No. 15-78C
(Filed October 19, 2015)
NOT FOR PUBLICATION

* * * * * * * * * * * * * * * * * *

**FEDERAL ACQUISITION SERVICES TEAM, LLC,**

Plaintiff,

v.

**THE UNITED STATES,**

Defendant.

* * * * * * * * * * * * * * * * * *

**ORDER**

Today, the Court received a motion to intervene in this matter filed by a third party, Res Rei Development, Inc. (Res Rei), which had also submitted an offer in response to the solicitation that gave rise to plaintiff's bid protest. Res Rei seeks to intervene as a matter of right, under Rule 24(a) of the Rules of the United States Court of Federal Claims (RCFC), or permissively under RCFC 24(b). But because the motion is not timely, and will unduly delay the issuance of the opinion in this matter, Res Rei's motion is **DENIED** and it must submit its complaint as a new bid protest.

Although the docket does not reflect this, on April 30, 2015, the Court orally granted judgment in favor of the plaintiff, following the reasoning of the opinions in *Insight Systems Corp. v. United States*, 110 Fed. Cl. 564, 576–81 (2013), and in *Watterson Construction Co. v. United States*, 98 Fed. Cl. 84, 95–97 (2011), that the "Government Control" exception of 48 C.F.R. § 52.215-1(c)(3)(ii)(A)(2) applied to proposals transmitted by e-mail. A written order was not issued at that time, as the government represented that it would immediately comply with the decision. The Court's opinion will be issued in the near future.

Since the merits of plaintiff's protest have already been ruled upon, Res Rei's motion is not timely for purposes of RCFC 24(a) and 24(b)(1). Moreover, adding the claims of a third party to this suit would unduly delay the issuance of the opinion in this matter, making intervention inappropriate. *See* RCFC 24(b)(3). Accordingly, Res Rei's motion is **DENIED**.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Judge